UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PUZAR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME IMPROVEMENT, an unknown entity; LOWE'S HOME CENTERS, LLC, a North Carolina Limited Liability Company; LOWE'S HIW, INC., an unknown entity; and DOES 1 TO 50, inclusive.<br><br>Defendants. | Case No.: 2:26-CV-01910-TLN-AC [*Placer County Superior Court Case No.: S-CV-0057602*]<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>Complaint Filed: April 8, 2026 |

The Court, having read and considered the parties' Stipulation to Remand, hereby ORDERS as follows:

**I. BACKGROUND**

On April 8, 2026, Plaintiff ROBERT PUZAR ("Plaintiff") commenced the above-entitled action in the Superior Court for the State of California, County of Alameda by filing a Complaint therein entitled *Robert Puzar v. Lowe's Home Improvement, et al.,* Case No. S-CV-0057602. Plaintiffs' Complaint for personal injury arises from an alleged incident on April 20, 2024, at a Lowe's store located in the City of Lincoln, County of Placer, State of California. Defendant LOWE'S HOME CENTERS, LLC removed the matter to federal court pursuant to 28 U.S.C.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

§§1332, 1441, and 1367, on May 22, 2026.

Plaintiff has correctly identified Rodney Wieldraayer as the store manager of the Lincoln, California store on the date of the incident. Plaintiff has filed a motion for leave to amend his Complaint to add Rodney Wieldraayer as a defendant and to remand the matter to state court. [Doc. 5.] The parties have met and conferred on this issue.

The parties have now agreed and stipulated that with the addition of the Lowe's store manager as a defendant, complete diversity will no longer exist. Accordingly, the parties request an order from this Court remanding the case to the Placer County Superior Court, Case No. S-CV-0057602, and have agreed that with such remand, Plaintiff will not add Lowe's employee Rodney Weildraayer, or any other Lowe's employee, as a defendant. The parties have further agreed that so long as Rodney Weildraayer remains an employee of defendant, defendant will produce him for testimony.

## II. ANALYSIS

United States Code, Title 28, Section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." (Emphasis added). Because complete diversity no longer exists, this Court lacks subject matter jurisdiction and must, therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c). *See Bruns v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.")

## III. ORDER OF THE COURT

1. Pursuant to the parties' Stipulation, because complete diversity will no longer exist, this Court will no longer has subject matter jurisdiction and the matter is hereby REMANDED to the Superior Court for the State of California, County of Placer, Case No.: S-CV-0057602. This Order shall be accorded full force and effect in the Superior Court of the State of California, County of Placer, Case No.: S-CV-

0057602.

2. All pending dates in the Federal action are hereby vacated.

3. Plaintiff will not name defendant's employee Rodney Weildraayer or any other Lowe's employee as a defendant. Defendant will make Rodney Weildraayer available for testimony in the instant case so long as Rodney Weildraayer remains an employee of Defendant.

**IT IS SO ORDERED.**

Dated: October 29, 2026

Troy L. Nunley
Chief United States District Judge

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221